## IN THE UNITED STATES DISTRICT COURT FOR THE
### EASTERN DISTRICT OF ARKANSAS
### WESTERN DIVISION

**Arkansas Times LP**                                                                                   **Plaintiff**

v.                                    Case No. *4:18cv914-BSM*

**Mark Waldrip, John Goodson,**
**Morril Harriman, Kelly Eichler,**
**David Pryor, Stephen Broughton,**
**C.C. Gibson, Sheffield Nelson,**
**Tommy Boyer, and Steve Cox, in their**
**official capacities as Trustees of**
**the University of Arkansas Board of**
**Trustees.**                                                                                           **Defendants**

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

DEC 11 2018

JAMES W. McCORMACK, CLERK
By: _____
DEP CLERK

This case assigned to District Judge *Miller*
and to Magistrate Judge *Deere*

### COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

### Introduction

1. This is an action to protect the constitutional rights to engage in political expression and association. Plaintiff Arkansas Times LP sues, pursuant to 28 U.S.C. §§ 2201(a) and 2202, to declare that portion of Act 710 of 2017 codified at Ark. Code Ann. §-25-1-503 ("the Act") unconstitutional and, pursuant to 42 U.S.C. § 1983, to enjoin enforcement of the Act. The Act requires those who desire to contract with governmental entities in this state to certify that they currently are not boycotting Israel and will not boycott Israel during the duration of their contract. However, the Act permits a contractor to boycott Israel if the contractor agrees to provide the goods or services for at least a twenty percent (20%) reduction in the contract amount to be paid by the state. The Act's certification requirement violates the First and Fourteenth Amendments of the United States Constitution by requiring contractors, including

1

Plaintiff in this action, to either refrain from boycotting Israel or to agree to a substantial reduction in the contractual amount paid.

## Jurisdiction and Venue

2.   The Court has jurisdiction over this § 1983 action under 42 U.S.C. §§ 1983 and 1988 and 28 U.S.C. §§ 1331 and 1343. This Court has the authority to grant declaratory relief under 28 U.S.C. §§ 2201 and 2202.  Venue is proper under 28 U.S.C. § 1391 because at least one of the Defendants resides in this judicial district and the events giving rise to this action occurred in this judicial district.

## The Parties

3.   Plaintiff Arkansas Times LP is an Arkansas limited partnership in good standing, with its principal place of business in Pulaski County, Arkansas. It has contracted many times over many years with Pulaski Technical College to include advertising for Pulaski Technical College ("PTC") in the *Arkansas Times*, a weekly newspaper of general circulation in this state, as well as in other special interest publications published by Arkansas Times LP. Since Pulaski Technical College became part of the University of Arkansas system on February 1, 2017, and was renamed the University of Arkansas Pulaski Technical College ("UAPTC"), these advertising contracts have been with the University of Arkansas Board of Trustees ("UABT").

4.  The University of Arkansas Board of Trustees is the governing body of all components of the University of Arkansas System and has the authority to enter into, or delegate to or direct others to enter into, contracts for goods or services on behalf of the University of Arkansas and all colleges in its system.

5.   Defendant Mark Waldrip is chair of the University of Arkansas Board of Trustees. He is sued in his official capacity.  He is a resident of Lee County, Arkansas.

6.  John Goodson is a vice chair of the University of Arkansas Board of Trustees. He is sued in his official capacity.  He is a resident of Miller County, Arkansas.

7.  Morril Harriman is secretary of the University of Arkansas Board of Trustees. He is sued in his official capacity.  He is a resident of Pulaski County, Arkansas.

8.  Kelly Eichler is assistant secretary of the University of Arkansas Board of Trustees. He is sued in his official capacity.  She is a resident of Pulaski County, Arkansas.

9.  David Pryor is a member of the University of Arkansas Board of Trustees. He is sued in his official capacity.  He is a resident of Pulaski County, Arkansas.

10.  Stephen Broughton is a member of the University of Arkansas Board of Trustees. He is sued in his official capacity. He is a resident of Jefferson County, Arkansas.

11. C. C. Gibson is a member of the University of Arkansas Board of Trustees. He is sued in his official capacity.  He is a resident of Drew County, Arkansas.

12. Sheffield Nelson is a member of the University of Arkansas Board of Trustees. He is sued in his official capacity.  He is a resident of Pulaski County, Arkansas.

13. Tommy Boyer is a member of the University of Arkansas Board of Trustees. He is sued in his official capacity.  He is a resident of Washington County, Arkansas.

14. Steve Cox is a member of the University of Arkansas Board of Trustees. He is sued in his official capacity. He is a resident of Craighead County, Arkansas.

## The Act

15.  In 2017, the Arkansas Legislature passed Act 710, codified as Ark.Code Ann.  §§ 25-1-501 to 25-1-504.  The Act became effective August 3, 2017.

16.  The anti-boycott section of the Act, Ark. Code Ann. § 25-1-503, provides:

Prohibition on contracting with entities that boycott Israel.

3

(a) Except as provided under subsection (b) of this section, a public entity shall not:

(1) Enter into a contract with a company to acquire or dispose of services, supplies, information technology, or construction unless the contract includes a written certification that the person or company is not currently engaged in, and agrees for the duration of the contract not to engage in, a boycott of Israel; or

(2) Engage in boycotts of Israel.

(b) This section does not apply to:

(1) A company that fails to meet the requirements under subdivision (a)(1) of this section but offers to provide the goods or services for at least twenty percent (20%) less than the lowest certifying business; or

(2) Contracts with a total potential value of less than one thousand dollars ($1,000).

Ark. Code Ann. § 25-1-503.

17. The definitions part of the Act provides, in relevant part:

As used in this subchapter:

(1) (A) (i) "Boycott Israel" and "boycott of Israel" means engaging in refusals to deal, terminating business activities, or other actions that are intended to limit commercial relations with Israel, or persons or entities doing business in Israel or in Israeli-controlled territories, in a discriminatory manner.

(ii) "Boycott" does not include those boycotts to which 50 U.S.C. § 4607(c) applies.

Ark. Code Ann. §25-1-502.

18. The Act seeks to suppress participation in political boycott campaigns, particularly Boycott, Divestment, and Sanctions ("BDS") campaigns, which are aimed at Israel and territories where Israel exerts control. These campaigns typically are a protest against the Israeli government's treatment of Palestinians and its occupation of Palestinian territories and are a means of exerting economic pressure on the Israeli government to change its policies vis a vis the Palestinians.

4

18.     The legislative findings to the Act state, *inter alia,* "Boycotts and related tactics have become a tool of economic warfare that threaten [sic] the sovereignty and security of key allies and trade partners of the United States. The State of Israel is the most prominent target of such boycott activity[.]"

19.     In the Arkansas House of Representatives State Agencies and Governmental Affairs Committee meeting on March 20, 2017, Representative Jim Dotson described Senate Bill 513, which was enacted as Act 710, as preventing Arkansas public entities from contracting with companies "which are anti-Israel or have business dealings with enemies of the State of Israel."

### The Facts

19.     Plaintiff operates the *Arkansas Times,* a weekly newspaper of general circulation in this state, and also other special interest publications in Arkansas.  The publisher and CEO of the *Arkansas Times* is Alan Leveritt.  He is also the CEO and a principal of Arkansas Times LP.

20.     For many years, Plaintiff has regularly contracted with PTC and, as of February 1, 2017, with UABT to run advertisements for UAPTC in the *Arkansas Times* as well as in other special interest publications in return for payment for this service. In 2016, Plaintiff executed 22 separate contracts with ~~UABT~~ PTC in amounts over $1,000 each to place ads in its various publications for ~~UA~~PTC; in 2017, Plaintiff executed 36 such contracts with UABT; in 2018, Plaintiff executed 25 such contracts with UABT prior to the requirement of the boycott pledge in issue.

21.     In October, 2018, Plaintiff and UAPTC were preparing to enter into new contracts for additional advertising in the *Arkansas Times.* At that time Mr. Leveritt was informed that the UAPTC Director of Purchasing and Inventory, based on the Act, was requiring, as a condition of the contract and on behalf of the Board of Trustees of the University of Arkansas, that Mr.

5

Leveritt, on behalf of the Arkansas Times LP, in addition to the usual advertising contract documents, sign a certification stating that Plaintiff is not currently engaged in and agrees for the duration of the contract not to engage in a boycott of Israel. UAPTC informed Mr. Leveritt that absent this certification, UAPTC would refuse to contract with Plaintiff for any additional advertising.

22. Plaintiff does not currently engage in a boycott of Israel or Israeli-controlled territories. Plaintiff has published articles that are critical of the Act and similar anti-boycott laws in other states.

23. It is Mr. Leveritt's position, as CEO of and principal in Arkansas Times LP, that the politically-motivated boycott of Israel, or persons or entities doing business in Israel or Israeli-controlled territories, is speech and expressive activity related to a matter of public concern and is therefore protected by the First Amendment, and that it is unacceptable for Plaintiff to enter into an advertising contract with the University of Arkansas that is conditioned on the unconstitutional suppression of protected speech under the First Amendment. Mr. Leveritt therefore has refused to sign any such certification and accordingly UAPTC has refused to enter into further advertisement contracts with Plaintiff.

24. But for UABT's certification requirement, based on the Act, Plaintiff is ready, willing, and able to enter into new advertising contracts for UAPTC with UABT.

25. Because of the certification requirement, Plaintiff and UABT have no present contract to advertise UAPTC and no future prospect to do so.

26. Any participation by Plaintiff in a BDS campaign or refusal by Plaintiff to sign the certification have no bearing on Plaintiff's ability to provide advertising services to UAPTC.

27. But for Plaintiff's refusal to sign the anti-boycott pledge, as of November 28, 2018, UAPTC would have entered into at least two new contracts for advertising in the *Arkansas Times*, each of which would have been for an amount in excess of $1,000, and, based upon its past course of dealing with Plaintiff, as stated in ¶20 of this Complaint, UAPTC would enter into additional such new contracts in the future.

28. Plaintiff is not willing to accept a 20% discount on payment by UAPTC for its advertising services.

29. Because Plaintiff is not able to contract with UABT absent the required anti-boycott certification, Plaintiff has sustained substantial monetary damages, which are not recoverable against UABT in a court of law and which will continue into the future if the certification requirement is not invalidated.

30. By virtue of the denial of its First Amendment rights on account of the unconstitutional requirement of the Act, as well as by its loss of revenue on that same account that cannot be recovered as against UABT, the Plaintiff has suffered and will continue to suffer irreparable harm.

## COUNT 1

### (Violation of the First and Fourteenth Amendments)

31. Plaintiffs restate and incorporate by reference the allegations of the preceding paragraphs of this complaint.

32. The First Amendment is made applicable to the states through the Fourteenth Amendment.

33.  Whether or not someone chooses to boycott Israel, or persons or entities doing business in Israel or Israeli-controlled territories, is politically-motivated speech and expressive activity related to a matter of public concern and therefore protected by the First Amendment.

34.  Participation in a boycott, together with others who use BDS tactics, is protected association under the First Amendment.

35.  Speech related to participation in this boycott is speech on a matter of public concern. It is therefore protected by the First Amendment.

36.  The Act's certification requirement and UABT's implementation of it violate the First Amendment, both facially and as-applied, because the requirement unduly restricts the ability of contractors who wish to contract with government entities in this state to engage in core political expression and expressive activity, including participation in political boycotts.

37.  The certification requirement violates the First Amendment, both facially and as-applied, because it discriminates against protected expression based on the expression's content and viewpoint.  The requirement prohibits government contractors from boycotting Israel, or persons or entities doing business in Israel or in Israeli-controlled territories, while allowing contractors to participate in other boycotts, including boycotts of other foreign countries and "reverse boycotts" targeting companies and individuals engaged in boycotts of Israel.

38.  The certification requirement violates the First Amendment because it is overinclusive and substantially overbroad.

39.  The certification requirement violates the First Amendment, both facially and as applied, because it imposes an ideological litmus test and compels speech related to government contractors' protected political beliefs, associations, and expression.

40.  The certification requirement violates the First Amendment, both facially and as-applied, because it bars government contractors from receiving government contracts based on their protected political beliefs and associations.

### REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in its favor and against Defendants, and award the following relief:

(1) Declare that the certification requirement contained in Act 710, Ark. Code Ann. § 20-5-503, violates the First and Fourteenth Amendments to the United States Constitution, both facially and as-applied to Plaintiff;

(2) Preliminarily and permanently enjoin Defendants from requiring those contracting with the University of Arkansas and each of its constituent parts to certify that they are not currently engaged, nor will they engage for the duration of the contract, in a boycott of Israel and from penalizing government contractors based on their participation in political boycotts of Israel.

(3) Alternatively, preliminarily and permanently enjoin Defendants from requiring Plaintiff as a contractor with the University of Arkansas to certify that it is not currently engaged, nor will it engage for the duration of any contract, in a boycott of Israel.

(4) Award Plaintiff its costs and reasonable attorney fees under 28 U.S.C. § 1988; and

(5) Grant Plaintiff such other relief as this Court would deem just and proper.

Respectfully submitted,

Bettina E. Brownstein  85019
Bettina E. Brownstein Law Firm
904 West Second St., Suite 2
Little Rock, Arkansas 72201
Tel: (501) 920-1764
Email:  bettinabrownstein@gmail.com

John L. Burnett  77021
Lavey & Burnett
904 West Second St., Suite 2
Little Rock, Arkansas 72201
Tel:  (501) 376-2269
Email:  jburnett@laveyburnett.com

*On behalf of the Arkansas Civil Liberties Union*
*Foundation, Inc.*

Brian Hauss*
Vera Eidelman*
ACLU Foundation
Speech, Privacy & Technology Project
125 Broad St., 18th Floor
New York, NY 10004
Tel:  (212) 549-2500
bhauss@aclu.org
veidelman@aclu.org

Attorneys for Plaintiff

*Pro hac vice* applications to be filed