IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**Arkansas Times LP**                                                                                  **Plaintiff**

v.                                       Case No. 4:18cv914-BSM

**Mark Waldrip, John Goodson,
Morril Harriman, Kelly Eichler,
David Pryor, Stephen Broughton,
C.C. Gibson, Sheffield Nelson,
Tommy Boyer, and Steve Cox, in their
official capacities as Trustees of
the University of Arkansas Board of
Trustees.**                                                                                              **Defendants**

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

DEC 11 2018

JAMES W. McCORMACK, CLERK
By:_____
               DEP CLERK

## MOTION FOR PRELIMINARY INJUNCTION AND DECLARATORY RELIEF

Pursuant to Rule 65 of the Federal Rules of Civil Procedure, Plaintiff Arkansas Times LP moves this Court for a preliminary injunction. In support of this motion, Plaintiff submits the following:

(1) Declaration of Alan Leveritt, attached as Exhibit 1; and

(2) A Brief in Support of Motion for Preliminary Injunction, filed contemporaneously with this motion.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in its favor and against Defendants, and award the following relief:

Preliminarily enjoin Defendants from requiring those contracting with the University of Arkansas and each of its constituent parts to certify that they are not currently engaged, nor will they engage for the duration of the contract, in a boycott of Israel, and from penalizing government contractors based on their participation in political boycotts of Israel;

Dated:

1

Respectfully submitted,

Bettina E. Brownstein
Bettina E. Brownstein (85019)
Bettina E. Brownstein Law Firm
904 West Second St., Suite 2
Little Rock, Arkansas 72201
Tel: (501) 920-1764
Email: bettinabrownstein@gmail.com

John L. Burnett
John L. Burnett (77021)
Lavey & Burnett
904 West Second St., Suite 2
Little Rock, Arkansas 72201
Tel: (501) 376-2269
Email: jburnett@laveyburnett.com


*On behalf of the Arkansas Civil Liberties Union Foundation, Inc.*

Brian Hauss*
Vera Eidelman*
ACLU Foundation
Speech, Privacy & Technology Project
125 Broad St., 18th Floor
New York, NY 10004
Tel: (212) 549-2500
bhauss@aclu.org
veidelman@aclu.org


Attorneys for Plaintiff

*Pro hac vice* applications to be filed

## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

**Arkansas Times LP**                                                                                          **Plaintiff**

v.                              Case No. 4:18cv914-BSM

**Mark Waldrip, John Goodson,
Morril Harriman, Kelly Eichler,
David Pryor, Stephen Broughton,
C.C. Gibson, Sheffield Nelson,
Tommy Boyer, and Steve Cox, in their
official capacities as Trustees of
the University of Arkansas Board of
Trustees.**                                                                                                    **Defendants**

### DECLARATION OF ALAN LEVERITT

1.  I submit this declaration in support of the Arkansas Times LP in the above-captioned lawsuit.

2.  I am the CEO of Arkansas Times LP, which publishes the *Arkansas Times*, a weekly newspaper of general circulation in this state, as well as other special interest publications. I am also a principal of Arkansas Times LP.

3.  For many years, Arkansas Times LP has regularly contracted with Pulaski Technical College ("PTC") to run advertisements for PTC in the *Arkansas Times* and other publications published by Arkansas Times LP in return for payment for this service. Since the affiliation of PTC with the University of Arkansas ("UAPTC") in February, 2017, these advertising contracts have been with the University of Arkansas Board of Trustees ("UABT").

4.  In October, 2018, Arkansas Times LP and UAPTC were preparing to enter into another contract for additional advertising in the *Arkansas Times.* At that time, I was informed that the

1



UAPTC Director of Purchasing and Inventory was requiring as a condition of the contract that I, on behalf of the Arkansas Times LP, in addition to the usual advertising contract documents, sign a certification stating that the Arkansas Times LP is not currently engaged in, and agrees for the duration of the contract not to engage in, a boycott of Israel. UAPTC informed me that absent this certification, UAPTC would refuse to contract with Arkansas Times LP for any additional advertising. I was also informed that the certification was mandatory under an anti-Israeli boycott law passed by the Arkansas Legislature in 2017.

5. I, as CEO of and a principal in Arkansas Times LP and publisher of the *Arkansas Times*, declined to sign the certification because I believe it is unacceptable for the Arkansas Times LP to enter into an advertising contract with the University of Arkansas that is conditioned on the unconstitutional suppression of protected speech under the First Amendment. Moreover, I am unwilling to accept a 20% discount on payment by UAPTC under its advertising contract. Although this 20% discount option has not been revealed to or discussed with me by UAPTC, I understand that it is part of the law in question.

6. But for UABT's certification requirement, on behalf of the Arkansas Times LP I am ready, willing, and able to enter into new advertising contracts for UAPTC with UABT. Because of the certification requirement, the Arkansas Times LP and UABT have no present contract to advertise UAPTC and no future prospect to enter into one. My refusal to sign the anti-boycott pledge, as of November 28, 2018, caused UAPTC to fail to offer two new or renewed contracts for advertising in the *Arkansas Times*, each of which would have been for an amount in excess of $1,000. In view of its long contractual history with PTC and UAPTC, the Arkansas Times LP expected that it would be awarded additional advertising contracts in the future. However, the refusal to sign the boycott pledge means that this will not occur if the Act is not invalidated. In

2016 Arkansas Times LP entered into 22 contracts with PTC for ads in amounts greater than $1,000. In 2017, the number of such contracts with UABT for UAPTC was 36. In 2018, prior to the cessation described above, the number was 25.

7. The refusal of Arkansas Times LP to sign the anti-boycott pledge has nothing whatsoever to do with the ability or effectiveness of the Arkansas Times LP publications in publishing advertisements for UAPTC.

8. As a result of the Act's certification requirement, Arkansas Times LP has sustained substantial monetary damages, which I understand are not recoverable against UABT in a court of law and which will continue into the future if the certification requirement is not invalidated.

## VERIFICATION

I verify under penalty of perjury under the laws of the United States and 28 U.S.C. §1746 that the foregoing is true and correct.

Alan Leveritt

Dated: December 6, 2018